NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 3, 2019
Decided October 11, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2547

| | |
|---|---|
| CARL D. LUSK,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>MICHAEL COLE, *et al.,*<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin.<br><br>No. 16-C-1053<br><br>Lynn Adelman,<br>*Judge.* |

### O R D E R

Carl Lusk, a Wisconsin inmate, appeals the entry of summary judgment for defendants based on his purported failure to exhaust administrative remedies. Because Lusk undisputedly complied with the available procedures, we vacate and remand with instructions to enter summary judgment for Lusk on the exhaustion defense.

Lusk, who has asthma, seeks to sue prison officials at Green Bay Correctional Institute for denying him needed care. According to Lusk's sworn testimony, after a prison officer blasted him with mace to separate him and another inmate, he suffered an asthma attack but was denied his inhaler and medical care.

Lusk complained about this treatment using the prison's two-step complaint system. He filed a timely grievance, which a complaint examiner dismissed with the comment that the staff behaved suitably. Under rules in effect in 2016, Lusk had ten days to appeal, and on the second day after the dismissal, he completed and signed his name on the "Offender Complaint Appeal" form that the prison provided. Because the prison gave him no envelope for his form, and he had no money to buy one before the appeal deadline, he used one that belonged to another inmate. On the tenth day after dismissal, the prison refused to accept Lusk's appeal because a disciplinary rule barred "the transfer of property between inmates without authorization." WIS. ADMIN. CODE DOC § 303.40 (2016). Lusk resubmitted his appeal a month later when he was able to obtain his own envelope, but the examiner dismissed it as untimely. The untimeliness was not excusable for good cause, she said, because Lusk's "misconduct" with the first appeal caused the second to be late.

After Lusk sued defendants under 42 U.S.C. § 1983 for deliberate indifference to his health in violation of the Eighth Amendment, the district court granted their motion for summary judgment, ruling that Lusk had failed to exhaust administrative remedies. The court gave two reasons for this conclusion. First, advancing a reason that defendants had not proposed, it stated that the prison properly rejected Lusk's first attempted appeal because Lusk violated the requirement that he file his complaint "under the name by which the inmate was committed to the department." WIS. ADMIN. CODE DOC § 310.09(1)(d) (2016). Second, it said that because Lusk could have applied for a legal loan to obtain an envelope and appeal on time, the complaint examiner properly found no good cause.

On appeal, Lusk argues that he should have received summary judgment on the exhaustion issue because his administrative appeal complied with the written rules for such appeals, and in rejecting his appeal the prison imposed a new, unwritten rule for exhaustion. Defendants contend that his administrative appeal was defective because he used a fellow inmate's envelope, in violation of a disciplinary rule against unauthorized transfers of property, and his later attempt to appeal was untimely.

An inmate may not sue about prison conditions under § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A remedy is not "available" when its requirements are opaque or prison officials improperly prevent a prisoner from pursuing it. *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016). Although prison administrators enjoy wide deference to adopt rules needed to preserve internal order, see *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), they may not change those rules retroactively or require prisoners to exhaust procedures that the administrators

have not revealed to them. See *Thomas v. Reese*, 787 F.3d 845, 848 (7th Cir. 2015) (citing *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015)).

Here, the prison's rules for appeals in 2016 were simple, and Lusk obeyed them. They required that he file within 10 days of his dismissed grievance a request for review "on forms supplied for that purpose." See WIS. ADMIN. CODE DOC § 310.13(1) (2016). The prison is required to make these forms "accessible" to inmates. *Id.* Lusk used the "Offender Complaint Appeal" form that the prison provided to him. He signed and submitted it within ten days (indeed, within two days) of the dismissal of his grievance. Therefore, he exhausted.

The prison officials resist this conclusion on two grounds, neither of which persuades us. First, they argue that the "forms" required by the rules for exhaustion include an envelope belonging to the inmate taking the appeal, and Lusk did not use one. But the 2016 rules did not mention envelopes. And any argument that "forms" includes envelopes does not help defendants anyway because they did not give him an envelope and thus did not "make these forms accessible to" him, as the rules required. Defendants reply that the envelopes were "accessible" for purchase through a loan to cover the cost. But defendants never told inmates that "accessible" means "accessible for purchase"; to the contrary, they made the "Offender Complaint Appeals" forms "accessible" to inmates *without* charge. Thus, defendants may not fault Lusk for failing to take out a loan to buy an envelope when no written rule required him to use an envelope to take the appeal.

Second, the prison officials contend that, in using a fellow inmate's envelope, Lusk violated a disciplinary rule barring the unauthorized transfer of property between inmates, and so they could reject his appeal for that reason. But the rules for appeals in 2016 did not specify that an appeal would be rejected if an inmate violates any disciplinary rule (such as using another inmate's pen or envelope) to file the appeal, and the prison may not retroactively change its rules for appeals. See *Thomas*, 787 F.3d at 848. Defendants reply that if a grievance officer must accept appeals submitted in violation of disciplinary rules, inmates will be encouraged to violate those rules. But the disciplinary rules provide many other ways to punish violators. The unauthorized transfer of property is a "minor" offense, see WIS. ADMIN. CODE DOC § 303.69, that may result in, among other things, a reprimand or loss of privileges. See WIS. ADMIN. CODE DOC § 303.70. But those penalties did *not* include the loss of an appeal. *Id.* And if the prison believes that harsher punishment is needed, it can amend its rules, as it did in 2018. Those amendments now allow it to reject an appeal submitted in violation of the disciplinary rules prohibiting threats or possession of harmful substances. But even the

revised rules do not permit the prison to reject an appeal if an inmate submits it using another inmate's envelope or "property." See WIS. ADMIN. CODE DOC § 310.09(3) (2018).

We also reject the district court's other reason for granting summary judgment in favor of the defendants. The court suggested that, by placing his appeals form in another's envelope, Lusk failed to comply with the rule that he file his "complaint" in his name. See WIS. ADMIN. CODE. DOC § 310.09(1)(d) (2016). Even if we assume that this rule applies to both the "appeal" as well as the "complaint" (a point that the parties debate), Lusk complied with this rule. It is undisputed that he signed his name, and his name only, to both his initial complaint and his "Offender Complaint Appeal."

We thus conclude that Lusk properly exhausted the available administrative remedies. Although he did not cross-move for summary judgment on the exhaustion defense in the district court, under Federal Rule of Civil Procedure 56(f)(1), a non-movant may receive summary judgment after notice and a chance to respond. On appeal, Lusk has asked for the entry of summary judgment, and defendants have responded. Because the facts are undisputed, we VACATE summary judgment for defendants and REMAND with instructions to enter summary judgment in Lusk's favor on the defense of exhaustion and proceed with the remainder of the case.